# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| AUGUSTINE HERNANDEZ CRUZ, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:11-CR-0261-SCJ-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:13-CV-1843-SCJ-RGV |

## ORDER

This matter is before the Court for consideration of the Final Report and Recommendation (R&R) of Magistrate Judge Russell G. Vineyard [Doc. 56] and Augustine Hernandez Cruz's objections thereto [Doc. 58]. The Court reviews de novo the portions of the R&R to which Cruz has objected and reviews for plain error the remaining portions. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

## I. Background

A federal grand jury in the Northern District of Georgia returned an indictment charging Cruz with illegally reentering the United States after having previously been deported and removed, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). [Doc. 1]. Represented by Thomas L. Hawker of the Federal Public Defender Program, Inc., Cruz

pleaded guilty without a plea agreement. [Docs. 20; 37]. According to the presentence investigation report ("PSR"), Cruz, a citizen of Mexico, was removed from the United States on September 5, 2002 and October 8, 2009. [PSR ¶¶ 6, 9, 11]. Additionally, immigration officials encountered Cruz at the United States border on October 5 and 7, 1999 and October 3, 2002, and returned him to Mexico each time. [Id. ¶¶ 7-8, 10]. Cruz also has a June 19, 2001 conviction for possession with intent to distribute marijuana in the Superior Court of Cobb County. [Id. ¶¶ 9, 24]. The instant offense involves Cruz's illegal reentry into the United States on or about January 22, 2011. [Id. ¶ 6]. For this offense, the Court sentenced Cruz to forty-six months of imprisonment followed by three years of supervised release. [Doc. 29].

Cruz, still represented by Hawker, filed a direct appeal, arguing, in pertinent part, that "the district court's imposition of three years of supervised release is procedurally and substantively unreasonable, because U.S.S.G. § 5D1.1(c), as a default, advises against its imposition." United States v. Cruz, 482 F. App'x 528, 531 (11th Cir. 2012) (per curiam). In rejecting this argument, the Eleventh Circuit, in dicta, stated that "[t]hough as a default the guidelines state that deportable aliens should not receive supervised release, its imposition was not unreasonable here, given Cruz's

2

history of multiple attempted entries and illegal entries." Id. at 531. On July 27, 2012, the Eleventh Circuit affirmed Cruz's sentence. Id.

On May 30, 2013, Cruz timely filed this pro se § 2255 motion, arguing that he received ineffective assistance of counsel when counsel (1) momentarily supported the imposition of supervised release at sentencing despite § 5D1.1(c)'s advice against imposing supervised release for defendants who are likely to be deported after imprisonment and (2) failed to request a downward variance under 18 U.S.C. § 3553(a) based on disparity in sentencing between this district and fast-track districts. [Doc. 48 at 2-8]. As part of ground two, Cruz also argues that the Department of Justice's January 31, 2012 memo regarding fast-track programs requires that he be granted a downward variance. [Id. at 9-10] see also www.justice.gov/dag/fast-track-program.pdf (last visited Nov. 19, 2013). The government responds that counsel's initial support for supervised release was part of a reasonable litigation strategy and that Cruz has not shown any resulting prejudice, that fast-track sentencing disparities are not an appropriate basis for a downward variance and that Cruz has not shown prejudice, and that the fast-track memo was issued after Cruz was sentenced and, in any event, does not entitle him to a downward variance. [Doc. 53 at 1-3, 10-15].

3

The Magistrate Judge found that Cruz had not shown prejudice as to ground one because, had counsel argued against supervised release, "it is likely that the outcome would have remained the same in light of Cruz's history of illegal reentry." [Doc. 56 at 7-8]. The Magistrate Judge also found that counsel's failure to request a downward variance under § 3553(a) based on disparity in sentencing between this district and fast-track districts does not constitute ineffective assistance because, in this Circuit, "district courts are prohibited for sentencing purposes from considering the disparity created by the lack of a 'fast track' program." United States v. Rodriquez-Tapia, 463 F. App'x 839, 842 n.2 (11th Cir. 2012) (per curiam) (citing United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam)). [Doc. 56 at 8-9]. Finally, the Magistrate Judge concluded that, by its terms, the January 31, 2012 fast-track memo does not entitle Cruz to § 2255 relief. [Id. at 9].

## II.  Cruz's Objections

Cruz first objects that counsel was ineffective for agreeing to supervised release because there was no legitimate reason for doing so. [Doc. 58 at 2-3]. Cruz, however, fails to expressly address the Magistrate Judge's finding that he did not suffer any prejudice based on counsel's concession. Given Cruz's history of illegal reentries, the Court would still have imposed supervised release even if counsel had reiterated

4

§ 5D1.1(c)'s advice against supervised release for deportable aliens. See U.S.S.G. § 5D1.1, comment. (n.5) ("The court should . . . consider imposing a term of supervised release . . . if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances" of the case.); see also Cruz, 482 F. App'x at 531 (finding, in dicta, that the imposition of supervised release "was not unreasonable . . . given Cruz's history of multiple attempted entries and illegal entries").

As to ground two, Cruz objects that the Eleventh Circuit's holding in Vega-Castillo conflicts with the Supreme Court's holding in Kimbrough v. United States, 552 U.S. 85 (2007). [Doc. 58 at 2]. Cruz cites decisions from other circuits to support this argument. [Id. at 4-5]. In Kimbrough, the Supreme Court held that, because the Sentencing Guidelines are advisory, a district court may deviate from them based on the disparity between the treatment of crack and powder cocaine offenses if the court finds that the disparity results in a sentence greater than necessary to achieve § 3553(a)'s purposes. Id., 552 U.S. at 107-10. In Vega-Castillo, the Eleventh Circuit held that Kimbrough did not overrule its precedent that district courts may not consider the disparity caused by nationally disparate "fast-track" sentencing. Id., 540 F.3d at

5

1238-39. Therefore, the Court agrees with the Magistrate Judge's findings as to ground two.

## III. Conclusion

After careful consideration, the Court concludes that the R&R is correct and **OVERRULES** Cruz's objections. Accordingly, Cruz's motion for default judgment [Doc. 54] and his 28 U.S.C. § 2255 motion to vacate sentence [Doc. 48] are **DENIED**. The Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED** this 20th day of November, 2013.

                                                          s/Steve C. Jones
                                                          STEVE C. JONES
                                                          UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)